## Lizzie L. Hayes's Estate. Appeal of Z. Taylor Hayes.

*Decedent's estate—Will—Executor's appointment by implication.*

No express words are necessary in a will to appoint an executor. The appointment may be made by necessary implication. Where the testator commits to any person or persons the rights, powers and duties which are commonly and properly exercised by and imposed upon an executor, the person so designated will thereby be as effectively appointed executor as though he had been expressly named as such.

A will drawn by the testatrix in perhaps an inartificial manner, but which, reasonably read, imposes on a person named in the will, but not specially designated as executor, the duty of interment and care of her grave and the payment of certain legacies and all debts, will be construed as appointing such nominated person executor by necessary implication.

Argued Nov. 19, 1897. Appeal, No. 163, Oct. T., 1897, by Z. Taylor Hayes, from decree of O. C. Chester Co., directing that letters testamentary be granted to J. Channon. Before Rice, P. J., Wickham, Beaver, Reeder, Orlady, Smith and Porter, JJ. Affirmed.

Certification by the register of wills to the orphans' court as to a doubtful and disputable question arising under the will of Lizzie L. Hayes, deceased. Before Hemphill, P. J.

Lizzie L. Hayes died testate but did not name in her will any person to act as executor by such title. The question whether there was an appointment by implication arose, and this question was certified to the orphans' court by the register of wills, the register having granted letters of administration in 1890 to Z. Taylor Hayes.

It appears from the will that the only sentence therein containing the name of J. Channon, reads as follows: "I do hereby request J. Channon or C. B. Taylor to have my body buried at Laurel Hill" and the next succeeding sentence reads, "I have no lot, I would like my estate left or fixed in some way to take care of my grave as long as my money lasts," and then follows directions to pay specified legacies and "all my honest debts."

The court below directed letters testamentary to be granted to J. Channon in an opinion which is in part as follows:

Examining then the will in its entirety we find that the sentence immediately following the directions for her burial does not relate to the disposition of her estate, but is explanatory and precatory. "I have no lot, I would like my estate left or fixed in some way to take care of my grave as long as my money lasts." These words make no disposition of any part of her estate, nor do they materially aid us in ascertaining the intention of the testatrix. They might be omitted, or should, as we think they were intended to be, read as in parenthesis, without altering or affecting the interpretation of the will. Thus treated the seeming difficulty in its construction vanishes, and the first request to J. Channon becomes a continuing one throughout the will; for it would then read "I do hereby request J. Channon or C. B. Taylor to have my body buried at Laurel Hill. . . . Pay to my niece Mary R. Hayes five hundred dollars; and pay to my niece Martha W. Cheyney five hundred dollars. If I have any brothers living at the time of my death, pay to each one five dollars; and pay to W. C. Shipper five hundred dollars. Pay all my honest debts." The reading of the sentence referred to in parenthesis is we think the correct reading, and makes it plain that the testatrix intended to confer upon J. Channon or C. B. Taylor the rights, powers and duties of an executor, thus making the one or other of them the executor by implication. The naming of two persons in the alternative as her executor is to be interpreted that she prefers the first named, but in case of his failure or inability to act, the second is designated. There is, however, no contention between J. Channon and C. B. Taylor, for the first named is alone applying for letters testamentary, and to him we direct them to be granted.

Z. Taylor Hayes appealed.

*Error assigned* was in directing that letters testamentary be granted to J. Channon.

*Wm. M. Hayes*, with him *J. Carroll Hayes*, for appellant.

*C. Berkeley Taylor*, with him *Cornwall, Gheen & Cornwell*, for appellee.

OPINION BY PORTER, J., March 21, 1898:

No express words are necessary in a will to appoint an exec-

utor.   The appointment may be made by necessary implication. Where the testator commits to any person or persons the rights, powers and duties which are commonly and properly exercised by and imposed upon an executor, the person so designated will thereby be as effectively appointed executor as though he had been expressly named as such.   The inquiry in this case is whether the person or persons named in the will of Lizzie L. Hayes were charged with the duties and given the powers incident to the office of executors.   The first duty imposed is to have the body of the decedent buried.   This is not a duty necessarily imposed upon the next of kin, but rather upon the executor, and the cost thereof is given by the law the status of a preferred claim on the funds held by the executor.   The second duty imposed is to arrange for the care of the grave of the decedent.   This also is properly chargeable to the estate of the decedent and a duty of an executor.   It cannot be seriously contended that the two obligations named were intended to be imposed upon J. Channon or C. B. Taylor to be discharged at their personal cost.   Therefore, part at least of the duty of the administration of the estate is lodged in them.   The true construction of the document has in our opinion been found by the court below.   The direction to take care of the grave may be regarded as a parenthetical clause.   Then follows the direction, plainly to be carried out by the parties above named, to make the payment of the legacies.   This construction is fortified by the final clause of the will, which indicates that the next of kin of the decedent are not those near to her or those to whom she desires to intrust the settlement of her estate.   Her brother, the present appellant, receives under the terms of the will but a paltry bequest.   The will clearly indicates that she prefers to intrust the settlement of her estate to those named in the will, rather than to her next of kin.

There is nothing in the appointment of the two persons, J. Channon or C. B. Taylor, which would render it void for uncertainty.   The appointment is palpably in the alternative.

The assignments of error are dismissed and the decree of the court below affirmed.